UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


L&B TRANSPORT, LLC

                                                  CIVIL ACTION

VERSUS

                                                  NO. 07-42-FJP-SCR

GERALD NELSON[1]


## RULING

This matter is before the Court on the defendant Gerald Nelson's motion for summary judgment.[2]  Plaintiff has filed an opposition to the motion.[3]  For reasons which follow, defendant's motion for summary judgment is granted.

The Court notes that except for the limited factual differences and named defendant that will be addressed below, this case is nearly identical to L&B Transport v. Jerry Busby, Civil Action Number 06-310, wherein the Court previously granted summary judgment in favor of Jerry Busby in a Ruling rendered on February 13, 2008.  Gerald Nelson's employment contract with L&B Transport is identical to Busby's, and the majority of the allegations made against Gerald Nelson were also made against Jerry Busby and

---

[1]This is a companion case to L&B Transport, LLC v. Jerry Busby, 06-310-FJP-SCR.  The Court granted summary judgment in favor of Jerry Busby on February 13, 2008, Rec. Doc. No. 42.

[2]Rec. Doc. No. 9.

[3]Rec. Doc. No. 12.

Doc#45295                          1

addressed by the Court in that matter.  Thus, the law and analysis set forth by the Court in its Ruling in the L&B Transport, LLC v. Jerry Busby case is hereby referred to and adopted herein by reference as part of the reasons supporting the Court's decision to grant summary judgment in favor of Gerald Nelson in this case.

The Court will now address those few factual issues not present in L&B Transport, LLC v. Jerry Busby.

## I.   Trailer Liners

L&B alleges that Nelson divulged, disclosed, and communicated confidential information which L&B had compiled in the course of its business regarding the use of certain liners in their trailers which aided in the successful transport of certain materials, thereby increasing the versatility of their trailers.[4]  L&B further contends Nelson testified that Action Resources had no knowledge of these liners prior to Nelson's employment with Action, and Nelson admitted that he learned about these liners while working for L&B.[5] L&B then argues that "Gerald Nelson testified that he contacted one of L&B's suppliers, in order to attempt to use that information."[6]

The Court finds that plaintiff's contentions are without merit.  First, L&B did not develop or market the liners in

---

[4]*See* Rec. Doc. No. 12, p. 8, citing Affidavit of Jody Guillory, Rec. Doc. No. 12, Exhibit 2.

[5]*Id.*,citing Deposition of Gerald Nelson, p. 19, lines 8-9 and pp. 27-28.

[6]*Id.* at p. 8, citing Deposition of Gerald Nelson, pp. 20-21.

question.  L&B simply began using the liners and found them to work for its company.  This information, *i.e.*, that the use of these liners aids in transporting certain materials, is not "confidential" and does not "belong" to L&B as a special and unique asset.  Furthermore, Nelson's testimony also indicates that several other trucking companies use the same liners as L&B, including Service Transport and DSI.[7]  The fact that other companies might not use Polar as their supplier of these liners does support the allegation that L&B **does** use Polar's liners as "confidential information" which is covered under the confidentiality provision of the employment contract.  Such a conclusion would illogically expand the language of the contract to encompass items clearly not "special and unique assets" of L&B.  Furthermore, the jurisprudence establishes that an employee does not have to forget any knowledge or experience he has gained in previous employment.[8]

Under applicable jurisprudence, nothing in the employment agreement prohibited Nelson from using his knowledge and experience about trailer liners in his new employment even though he might have gained such knowledge while employed by L&B.  There is no evidence to suggest that the liners were developed, marketed, or in any way the intellectual property of L&B.  L&B simply used them to

---

[7]Deposition of Gerald Nelson, p. 21.

[8]See *Konecranes, Inc. v. Robaina*, 1998 WL 812447 (E.D. La., Nov. 17, 1998), discussed at length in 06-310, Rec. Doc. No. 42.

aid in the transport of certain materials.  Further, if Polar was the company which supplied L&B with these trailer liners, and Nelson had contact with Polar, nothing in the contract prevented Nelson from maintaining such a contact since L&B's relationship with Polar was not "confidential information."  No evidence has been presented to support the proposition that Polar's services of providing trailer liners "belongs" exclusively to L&B.  The Court also finds that even if L&B could somehow prove Nelson's contact with Polar regarding these liners was a violation of the employment contract, L&B has suffered no damages since Nelson's testimony is clear that he did not ask Polar to install liners in trucks for Action Resources.[9]  Accordingly, summary judgment is proper in favor of the defendant on this claim as well as all other claims brought by L&B.

## II.  Conclusion[10]

For the reasons set forth above, and for the reasons set forth in L&B Transport, LLC v. Jerry Busby, Civil Action Number 06-310, Record Document Number 42, which are adopted herein by reference, the Court finds that there are no genuine issues of material fact which would preclude the Court from granting summary judgment in favor of the defendant Gerald Nelson on all claims asserted by the

---

[9]Deposition of Gerald Nelson, p. 22.

[10]The Court has considered all arguments and issues presented by counsel whether or not specifically addressed in this opinion.

plaintiff L&B Transport, L.L.C. in this matter under the facts of this case.   Therefore, summary judgment is granted in favor of Gerald Nelson and plaintiff's claims are dismissed with prejudice.

Judgment shall be entered accordingly.

Baton Rouge, Louisiana, July 22, 2008.

FRANK J. POLOZOLA
MIDDLE DISTRICT OF LOUISIANA